IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY GIBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15 C 6358 |
| | ) |
| GHALIAH OBAISI, independent executor of the estate of DR. SALEH OBAISI, DR. ANN HUNDLEY-DAVIS, LATONYA WILLIAMS, and WEXFORD HEALTH SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Larry Gibson, a former inmate at Stateville Correctional Center, has sued members of the prison's medical staff and the corporation providing healthcare services to the prison under 42 U.S.C. § 1983 for violating his Eighth Amendment rights. Gibson alleges that Stateville's former medical director, Dr. Saleh Obaisi,[1] other members of the medical staff—physician assistant Latonya Williams and Dr. Ann Hundley-Davis[2]—and their employer, Wexford Health Sources, Inc., disregarded his complaints of severe pain related to a fall he suffered during his incarceration. He contends that their disregard amounted to deliberate indifference to his serious medical condition. The defendants

---

[1] Dr. Obaisi passed away in 2017, and the administrator of his estate has been substituted in his place as a defendant.
[2] The parties are inconsistent in whether they refer to this defendant as Dr. Davis or Dr. Hundley-Davis. The Court adopts Dr. Davis's lawyers' approach.

have moved for summary judgment. For the reasons below, the Court grants the motion.

## Background

**A.    Factual background**

The following facts are undisputed except where otherwise noted. Larry Gibson was an inmate at Stateville Correctional Center from May 2006 until April 2016. During that time, he experienced a number of health problems, including issues resulting from a fall he suffered after slipping on ice in January 2013. Although the defendants' motion for summary judgment and filing under Local Rule 56.1 combined the claims underlying this case with those underlying another suit filed by the same plaintiff, *Gibson v. Obaisi*, No. 14 C 8043 (N.D. Ill.), the following account is limited to facts relevant to the above-captioned matter.

Gibson was injured when he slipped and fell on the ice while walking to the Stateville library on January 31, 2013. Dr. Obaisi examined Gibson later the same day. Gibson complained of an abrasion to his right knee and reported that he had hit his head and momentarily lost consciousness. Dr. Obaisi assessed both injuries and prescribed Tylenol. Four days later, on February 4, Gibson saw physician assistant Williams for an unrelated issue—his chronic gastroesophageal reflux disease (GERD). Williams recorded in her notes that Gibson had no new fall-related complaints since the January 31 visit. Gibson saw Williams again on March 4 for GERD symptoms and neck and left shoulder pain. Williams changed Gibson's GERD medication and ordered him ice and an analgesic balm. She also referred Gibson for an x-ray of his shoulder and spine. The x-ray indicated that there was a reverse curve in Gibson's spine, which later

testing confirmed was temporary and due to a muscle spasm. There was no dislocation or fracture of his shoulder.

Over the following three years, Gibson repeatedly presented to medical personnel with neck, back, and shoulder pain, including after he was involved in a fight with his cellmate in February 2014. He was treated with non-steroidal pain relievers, nerve pain medication, and, on a couple of occasions, steroid injections to relieve inflammation. He also received an abdominal binder. Gibson repeatedly filed grievances related to the care he was receiving for his back, shoulder, and arm pain. In the course of this ongoing treatment, Gibson received more x-rays and was diagnosed with osteoarthritis—an incurable, progressive, and degenerative condition—as well as disc degeneration in his back.

In April 2016, Gibson was transferred to Hill Correctional Center. After he arrived at Hill, Gibson received yet more x-rays that confirmed severe osteoarthritic degradation.

**B.    Procedural history**

Gibson filed the original *pro se* complaint in July 2015, along with a motion for appointment of counsel. The judge to whom the case was previously assigned granted the motion, but the original attorney eventually withdrew from the representation, as did the four other attorneys subsequently appointed to represent Gibson—the latest at Gibson's request. Since February 2018, he has again proceeded *pro se*. Despite receiving notice, *see* dkt. no. 128, Gibson did not file any response to the defendants' motion for summary judgment.

Two counts from the first amended complaint remain.[3] In count 1 Gibson alleges, under 42 U.S.C. § 1983, that the individual defendants were deliberately indifferent to Gibson's objectively serious medical needs in violation of the Eighth Amendment. In count 3 he alleges that the individual defendants' employer, Wexford, was also deliberately indifferent under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). The defendants have moved for summary judgment on both counts.

## Discussion

Summary judgment is appropriate if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Martinsville Corral, Inc. v. Soc'y Ins.*, 910 F.3d 996, 998 (7th Cir. 2018). The Court views the evidence and draws all reasonable inferences in favor of the plaintiff. *See Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019). To survive summary judgment, Gibson must "present specific facts establishing a material issue for trial, and any inferences must rely on more than mere speculation or conjecture." *Giles v. Godinez*, 914 F.3d 1040, 1048 (7th Cir. 2019). Because he failed to file a response, the Court reviews the record to determine whether there is any basis upon which to deny the motion for summary judgment.

Prison officials violate the Eighth Amendment's prohibition on cruel and unusual punishments if they are deliberately indifferent to an inmate's serious medical needs. *Id.* at 1048-49 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To prevail on this

---

[3] Gibson withdrew count 2, which unnecessarily asserted as a separate claim a request for injunctive relief. *See* dkt. no. 76. The Court dismissed count 4, which asserted a claim for *respondeat superior* liability against Wexford, for failure to state a claim. *Id.*

4

claim, Gibson must show "that he suffered from (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Id.* (internal quotation marks omitted). Gibson must also show that the official's deliberate indifference caused him to suffer some injury. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

The defendants contend that there is not evidence from which a reasonable jury could find in Gibson's favor on the issue of causation. The defendants rely on expert testimony from Dr. Jeffrey Grosskopf, an orthopedist, who opined in his report and deposition testimony that all of Gibson's symptoms are attributable to his severe, incurable osteoarthritis. Indeed, Dr. Grosskopf concluded that Gibson's worsening back, neck, shoulder, and wrist pain were not the product of his January 2013 fall but rather the result of his chronic condition progressing. The appropriate care, in Dr. Grosskopf's view, was the sort of conservative pain relief regime undertaken by the Stateville medical staff.

The Court can find no evidence that Gibson's fall rather than his chronic osteoarthritis caused the conditions of which he complains. It is not the case, as the defendants seem to suggest, that a plaintiff in Gibson's position is required to present testimony from a medical expert to survive summary judgment. *See Williams v. Liefer*, 491 F.3d 710, 715 (7th Cir. 2007). But there must be *some* admissible evidence that supports an inference of causation; the plaintiff cannot rely exclusively on conclusory assertions. *Giles*, 914 F.3d at 1048. Because Gibson has not pointed to (and the Court cannot find) evidence from which a reasonable jury could conclude that the defendants' alleged failure to treat him appropriately after his January 2013 fall caused or worsened

5

the health conditions underlying this case, the defendants are entitled to summary judgment.

## Conclusion

For the foregoing reasons, the Court grants the defendants' motion for summary judgment [dkt. no. 125] and directs the Clerk to enter judgment in favor of defendants and against plaintiff.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  May 30, 2019